**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KABAL SINGH, | No. 08-72866 |
| Petitioner, | Agency No. A096-144-922 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:     SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Kabal Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence, *Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004), and we deny the petition for review.

Singh claimed in his testimony and application that he was arrested after participating in a rally commemorating the 1984 attack on the Golden Temple, and that he gave a speech against the Golden Temple killings. Substantial evidence supports the agency's adverse credibility determination because Singh admitted that during his interview with an asylum officer, he lacked knowledge about the Golden Temple attack. *See id.* at 1142-43 (adverse credibility finding supported based, in part, on "how little knowledge [the petitioner] had of political activities in India"). Substantial evidence also supports the agency's adverse credibility determination because Singh testified inconsistently regarding the circumstances of his third arrest. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007) (inconsistencies regarding details of abduction went to the heart of the claim). In the absence of credible testimony, Singh's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Singh's CAT claim is based on the same testimony found to be not credible, and he does not point to any evidence that shows it is more likely than not

that he will be tortured if returned to India, his CAT claim also fails. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**